IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS COX,**

    **Plaintiff,**

    v.                                    CASE NO. 25-3031-JWL

**JENNELL BUCHANAN,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On February 27, 2025, the Court entered a Notice of Deficiency (Doc. 2) finding that Plaintiff failed to either pay the filing fee or to file a motion for leave to proceed in forma pauperis. The order granted Plaintiff until March 31, 2025, to cure the deficiencies by either paying the filing fee or submitting a motion for leave to proceed in forma pauperis. The order provided that failure to comply within the prescribed time may result in dismissal of this action without prejudice and without further notice. (Doc. 2, at 1–2.) Plaintiff failed to comply by the Court's deadline, and on April 7, 2025, the Court entered a Memorandum and Order (Doc. 3) dismissing this matter without prejudice under Fed. R. Civ. P. 41(b).

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 5). Plaintiff asks the Court to reconsider the dismissal of this case, arguing that he put in a Special Purchase Order ("SPO") on March 25, 2025, seeking to pay the fee from his forced savings account. (Doc. 5, at 1.) Because Plaintiff's motion was filed within 28 days after the entry of the order,

1

the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff filed this case on February 24, 2025, and he was required to either pay the filing fee or submit a motion for leave to proceed in forma pauperis at the time of filing.  Under 28 U.S.C. § 1914(a), "the plaintiff must ordinarily prepay the filing fee" unless he or she is granted leave to proceed in forma pauperis. *Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 805 (10th Cir. 2020) (unpublished); *see* also 28 U.S.C. § 1914(a) ("The clerk of each

district court *shall* require the parties instituting any civil action . . . in such court . . . to pay a filing fee . . . ." (emphasis added)). Therefore, the filing fee is due when a case is filed. Even if Plaintiff submitted a request to staff a month later, he did not seek an extension of time with the Court or otherwise respond to the Notice of Deficiency by the Court's deadline.

Plaintiff has filed multiple cases in this Court, and is aware that either the filing fee or a motion for leave to proceed in forma pauperis is due at the time of filing. *See, e.g., Cox v. Zmuda*, Case No. 23-3167-JWL (D. Kan.) (filed on 7/11/23; dismissed on 8/14/2023 for failure to pay the fee or file an ifp motion; reopening the case on 8/30/23 based on Plaintiff's motion to reconsider arguing that he submitted an SPO to pay the fee a week before the deadline; and dismissing the case again on 9/15/23 for failure to pay the fee or file an ifp motion).

In this case, Plaintiff failed to respond by the Court's deadline and was warned that failure to comply within the prescribed time may result in dismissal of this action without prejudice and without further notice. This case was dismissed without prejudice.

Plaintiff has not shown that reconsideration or that the reopening of this case is warranted. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its April 7, 2025 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Reconsider (Doc. 5) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

Dated April 22, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
